ORIGINAL

FILED
Clerk
District Court

DEC 2 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  MICHAEL W. DOTTS, Esq.
   O'Connor Berman Dotts & Banes
2  Second Floor, Nauru Building
   P.O. Box 501969
3  Saipan, MP 96950
   Telephone No. (670) 234-5684
4  Facsimile No. (670) 234-5683

5
   *Attorney for Defendants Paul Calvo, Edward Calvo*
6  *and Thomas JM Calvo*

7  BRIEN SERS NICHOLAS, Esq.
   **Attorney at Law**
8  1st Floor, UIU Bldg., San Jose Village
   P.O. Box 502876
9  Saipan, MP 96950
   Telephone No. (670) 235-7190/1
10 Facsimile No. (670) 235-7192

11
   **GLENN K. SATO    2176-0**
12 **Attorney at Law**
   Central Pacific Plaza, Ste. 600
13 220 South King Street
   Honolulu, Hawaii 96813
14 Telephone No. (808) 537-1625

15
   *Attorneys for Defendant JLH Pacific Trust*
16
                    UNITED STATES DISTRICT COURT
17                           FOR THE
                      NORTHERN MARIANA ISLANDS
18

19 PATTI C. BALLONE, ET AL.,           )  CIVIL CASE NO. 03-0013
                                       )
20         Plaintiffs,                 )
                                       )
21    v.                               )  MEMORANDUM IN SUPPORT OF
                                       )  DEFENDANTS AND THIRD-PARTY
22 BERT D. MONTGOMERY, ET AL.,         )  PLAINTIFFS' MOTION TO DISMISS
                                       )  AND FOR OTHER RELIEF
23         Defendants.                 )
                                       )  Date : February 9, 2006
24 _____       )  Time : 9:00 a.m.
                                       )  Judge: Alex R. Munson
25 DAVID H. SCHMIDT, ET AL.,           )
                                       )
26         Plaintiffs,                 )
                                       )
27    v.                               )
                                       )
28                                     )

1

| | |
|---|---|
| BERT D. MONTGOMERY, ET AL., | ) |
| Defendants, | ) |
| v. | ) |
| UNITED FOREX EXCHANGE, ET AL., | ) |
| Third-Party Defendants. | ) |

## I.

## INTRODUCTION

This Motion is brought by both the Calvos and the JLH Pacific Trust (collectively "Movants"). The instant Motion seeks to put to rest a case that has been pending before this Court in one form or another since September of 2002. This action centered around funds which were fraudulently transferred by the principals of essentially an investment fund referred to as "UFX". A large portion of these funds were alleged to have been used by Bert D. Montgomery to attempt to purchase Bank of Saipan, Inc. stock, and were alleged to have ended up with Movants. In order to protect themselves from multiple or conflicting judgments in excess of the money that they would collectively owe potential claimants, the Movants interplead the funds pursuant to 28 U.S.C. § 1335 with this Court. Having disposed of all viable claims and potential claimants, the Movants now respectfully move this Court to close the Indemnification Trust Account according to the terms of the settlement agreement reached with all those who did make claims, and dismiss this matter with prejudice as to all future claims, exonerating the Movants as against the same.

## II.

## PROCEDURAL BACKGROUND

The parties in the above-entitled actions reached a non-trial disposition of all of their disputes with the assistance of the Court, on May 5-7 2004. *See* Order To Release Funds Held By Clerk of U.S. District Court, signed July 16, 2004. The terms of this agreement are memorialized in a document entitled "Mutual Release and Covenant Not To Sue" ("the agreement"). *Id.* A stipulation to the effect that all parties had executed the agreement was duly filed with the Court. *Id.* Thereafter, the Court ordered the distribution of funds held in the Court's registry to various parties in accordance with the agreement. *Id.*

Part of the agreement created an "Indemnification Fund Trust Account" to provide for the defense of any claims made against the interpled funds by any of the Third-Party Defendants who had not appeared at the time the agreement was signed. Pursuant to that agreement, if no claims were made against the Fund by December 31, 2005, the Indemnification Trust Account is to be closed. *See* Mutual Release and Covenant Not to Sue, at section 14.

The Movants identified other potential claimants against the fund from the information received from the FBI, and served them with process. Defaults were taken against all but five of these potential claimants that were known to the Movants. Only one of the five potential claimants did assert a claim against the fund (James Thomas Neff), and that claim has been compromised. Two other names appeared on some records (Jess and Mercedes Cabrera) but no information was ever found as to where these individuals were located or how they could be served. The final two potential claimants are believed to be deceased (Joyce and Cora

McNaughton) and a return of service to that effect has been filed with the Court. As of the date of filing this Motion, no new claims to the fund have been made and if a claim were to be made now, it would most certainly be time barred.

More than three years have passed since the criminal indictments were filed against the UFX principals who participated in the fraudulent transfers of the funds. Eighteen months have passed since this Court approved the settlement that created a fund to pay any further claims, and provided a cut off of December 31, 2005 for the final release of the funds. No one new has come forward and asserted a claim to the funds. Now is an appropriate time to end this case.

### III.

### ARGUMENT

Since no claims have been made as against the funds interpled under 28 U.S.C § 1335, and any claims that could have been brought are now time-barred, this Court should order the closing of the Indemnification Fund Trust Account, the distribution of its contents pursuant to the agreement and declare that the Movants are hereby exonerated from any future claims as against any such funds.

*A. 28 U.S.C. § 1335's Role In This Case*

The Movants employed 28 U.S.C. § 1335 in this case for the very purpose for which this statutory form of interpleader was drafted. The Movants determined that there was only a finite amount of money that they could possibly be liable for, and that if determined individually, the claims as against this "stake" of money might exceed the amount itself. For that reason, the

4

Movants evoked 28 U.S.C. § 1335 to deposit with the Court an amount equaling that which was misappropriated from the coffers of UFX. That way, the Movants were shielded from duplicative and vexatious litigation that might have, in the future, exposed them to more liability than was their due.

### B. Third-Party Defendants Have Been Given Ample Notice And Opportunity To Be Heard

As the Court is well aware, even though the Third-Party Defendants in this action have been served with a summons and a copy of the Third-Party Complaint on various dates in 2003 and 2004, many have failed to respond in any way. *See* Amended Motion For Entry Of Default Against Third Party Defendants. Those unable to be served personally, were served via publication. *Id.* Additionally, even though they have made no appearance in this matter, this Court still enjoys jurisdiction over the claims that the Third-Party Defendants *could* bring in that "jurisdiction under the interpleader statute extends to potential, as well as actual, claims." *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999). Here, having properly been provided with notice and an opportunity to respond, the Third-Party Defendants failure to make any claim as to the interplead funds, should operate as a waiver of any rights they might have thereto.

Furthermore, dismissal of the remaining claims as against the interpled funds effectuates the purpose of 28 U.S.C. § 1335. In order to "protect the stakeholder from multiple litigation and possible double liability" the claims of Third-Party Defendants who have shown little to no interest in pursuing their respective rights, should not stand in the way of final closure for all parties who have taken an active role in determining the outcome of this matter. *Hallin v. C. A. Pearson, Inc.*, 34 F.R.D. 499, 501 (N.D.Cal.1963). Here, the Third-Party Defendants who have

not responded to the Third-Party Complaint should not be allowed to stymie the efforts of all involved parties in bringing this matter to a final and just resolution.

### C. Any Civil Action For Fraud Is Now Time-Barred

Additionally, there is little chance that any further claims as against the interpled funds are even viable. The Third-Party Defendants who have not appeared to protect their interests in this case are time-barred from bringing any civil action as against the interpled funds, because even the most generous statute of limitations on any such claim has long since expired. Utilizing the two-year statute of limitation applicable in the Commonwealth any such claim would be time-barred as the wrongful act occurred more than two years ago. 7 CMC § 2503(d) and *Bank of Saipan v. Carlsmith*, 199 MP 20 (NMI 1999). In fact, none of these potential claimants could complain that they were not aware of the existence of these claims as service of process was effectuated by personal service, or publication, more than two years ago. Any way it is cut, the statute of limitations in the Commonwealth has run.

Additionally, out of an abundance of caution, the parties drafting the settlement agreement decided to set the date of final distribution of the Indemnification Fund and dismissal of this case to coincide with a more liberal statute of limitations. The statute of limitation for this type of action in California (where a great deal of the Third-Party Defendants resided and the other local where the acts leading up to this case took place) is three years. Cal. C.C.P. § 350. Again, the actions which should have put the Third-Party Defendants on notice of their potential claims occurred more than three years ago. Since the UFX investment fund was closed, and its principals convicted of fraud *over three years ago,* no Third-Party Defendant can say in good faith that they were not on notice of their potential claims.

Under either statute of limitations, any Third-Party Defendant's are time-barred from bringing their claims.

## IV.

## CONCLUSION

For all the above stated reasons, the Movants respectfully request that their Motion be granted in full. The Indemnification Trust Account should be distributed, an order entered exonerating the Movants from any further liability with regard to the impleaded funds, and this case dismissed with prejudice.

Dated: December 28, 2005.

O'CONNOR BERMAN DOTTS & BANES

*Attorneys for Defendants and Third-Party Plaintiffs Paul Calvo, Edward Calvo and Thomas JM Calvo*

By: _____
MICHAEL W. DOTTS
(Bar ID # F0150)

LAW OFFICE OF BRIEN SERS NICHOLAS

*Attorney for Defendant JLH Pacific Trust*

By: _____
BRIEN SERS NICHOLAS
(Bar ID #F0163)

K:\George Hasselback\Cases\1000-03 Calvos\1000-03-051222-PL-MemoInSuppMot2Dismiss.doc