ORIGINAL

FILED
Clerk
District Court

FEB 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**TIMOTHY H. BELLAS**
Attorney-at-Law
Bank of Hawaii Bldg., Suite 203
P.O. Box 502845
Saipan, MP 96950

Telephone: (670) 323-2115; Fax 323-2116

**ATTORNEY FOR**: Plaintiffs/Cross Defendants Schmidt and Sovereign

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PATTI C. BALLONE, *et al.*, | CIVIL CASE NO. 03-0013 |
| Plaintiffs, | |
| vs. | |
| BERT DOUGLAS MONTGOMERY, *et al.*, | |
| Defendants, | **NOTICE TO ALL INTERESTED PARTIES OF ACCOUNTING OF FUNDS HELD IN TRUST BY SETTLEMENT COUNSEL** |
| DAVID H. SCHMIDT, *et al.* | |
| Plaintiffs, vs. | |
| BERT DOUGLAS MONTGOMERY, *et al.*, | |
| Defendants, vs. | |
| UNITED FOREX INVESTORS, et al., | |
| Third Party Defendants. | |

COMES NOW, the undersigned attorney, Timothy H. Bellas, who, pursuant to the

terms of the Settlement Agreement that was entered into by all parties and which resolved the entire litigation captioned above, was entrusted to administer an Impound Account (IA). He was tasked with defending or settling any residual claims which might arise from the date of the settlement until December 31, 2005. The undersigned, hereafter Settlement Counsel, (SC) was required to coordinate his actions with Michael Dotts, Esq, who was acting as a representative for both the Calvo Defendants and the JLH Pacific Trust, Defendant.

In discharge of his responsibilities SC represents that he has consulted with Mr. Dotts when issues pertaining to the IA arose and further submits this Accounting:

1. Upon execution of the Settlement Agreement, the Clerk of this Court, in accordance with the settlement reached by the parties in this matter, released $150,000 to the SC on or about July 23, 2004.

2. The only UFX claimant who presented a claim which the SC has settled is Thomas Neff, represented by Joey Arriola, Esq.[1]

3. Mr. Neff presented documentation which after some scrutiny, substantiated that he had invested $100,000 in UFX.[2]

4. On the basis of this amount SC negotiated with claimant's counsel and the matter was settled for $29,000.

5. In exchange for the execution of a Settlement Agreement by Mr. Neff which is similar to the one executed by all other parties in this matter, SC paid to Mr. Neff's counsel $29,000 which was received by Mr. Arriola on June 3, 2005.

6. Total attorney's fees and costs during the almost two year term for SC, including

---

[1] When Mr. Neff originally contacted the SC, he was not represented by counsel; thereafter, Danilo Aguilar, Esq. called to advise that he was counsel for Mr. Neff. Later, Mr. Arriola called to advise that he was Mr. Neff's new counsel.

[2] There were also independent UFX corporate financial documents that evidenced Mr. Neff's investment.

the fees for settling Mr. Neff's claim and the preparation of this Accounting and the release of the funds in the IA are — $3,225.89.[3]

7. Therefore the amount remaining to be distributed to the various parties in accordance with the Settlement Agreement is:

Original Amount received ------------------------------------------- $150,000.00

Amount Paid in Satisfaction of Neff Claim---------------------- ($29,000.00)

Amount for fees and costs of SC ---------------------------------- ($3,365.89)

Net Remaining Balance (NRB) for Distribution ----------------- **$117,634.11**

8. In accordance with the terms of the Settlement Agreement, Defendants contributed $50,000 of the IA and Plaintiffs contributed $100,000. Thus, SC counsel shall pay to the Defendants' counsel Mr. Dotts one third (1/3) of the NRB and two thirds (2/3s) shall go to the various Plaintiffs in the proportional amounts which they divided the residual amount of $2,050,000 provided for under the Settlement Agreement.

9. Therefore:

Defendants shall jointly receive a total of ----------------------------- **$39,211.37**[4]

Plaintiffs shall jointly receive a total of ------------------------------- $78,422.74

10. The amount to Plaintiffs shall be further distributed as follows:

Schmidt/Britt Plaintiffs ----------------------------------- 43.7% ------ $34,270.74

Ballone Plaintiffs ------------------------------------------ 39.7% ------ $31,133.83

---

[3] Billing Statements for legal services rendered and costs incurred have been provided by SC to Mr. Dotts, on a monthly basis.

[4] Said amount to be paid to the Trust Account of Mr. Dotts for his proportional distribution among the two Defendants, in accordance with the Settlement Agreement.

|  |  |  |
|---|---|---|
| Doman Trust Plaintiffs | 16.6% | $13,018.17[5] |
| Total of | 100% | **$78,422.74** |

11. Any counsel of record who feels that any computation or figure specified herein is in error, or objects to the person or persons proposed to receive payment, should notify the SC in writing within Fifteen (15) days from the date that this accounting is filed with the Court and served upon them.

12. If no objection or other communication is made within the period specified in ¶11 above, SC shall execute and deliver checks from his trust account to the respective attorneys for each of parties enumerated herein.

13. SC shall be deemed to have completed all of his duties and shall be discharged as of the date all checks are delivered to the respective parties.

Dated this __9__ day of February, 2006.

_____
Timothy H. Bellas, Settlement Counsel

---

[5] Each of the amounts indicated in this ¶ shall be paid to the trust account of each of the attorneys who represented each of these plaintiff groups.

- 4 -